IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT RESPIRATORY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 11-1113 (SLR) ) ) ) ) ) |

## ABBOTT'S ANSWER TO SANDOZ'S COUNTERCLAIMS

Abbott Laboratories and Abbott Respiratory LLC ("Abbott") hereby answer the Counterclaims of Sandoz Inc.'s Answer to Complaint and Counterclaims (D.I. 6) as follows:

## SANDOZ INC.'S COUNTERCLAIMS

1. To the extent that Sandoz's paragraph 1 actually contains allegations requiring a response, denied.

2. Admitted that the Counterclaims purport to set forth an action for declaratory judgment as described with respect to United States Patent Nos. 6,080,428 ("the '428 patent) and 6,469,035 ("the '035 patent"). Otherwise denied.

## The Parties

3-5. Admitted.

## Jurisdiction

6. This paragraph contains conclusions of law as to which no response is required.

7. Admitted that there is personal jurisdiction over the plaintiffs for Sandoz's Counterclaims. Otherwise denied.

8. Admitted.

## Orange Book Listing of the '428 and '035 Patents

9-10.   Admitted that Abbott Respiratory is the owner by assignment of the '428 patent and the '035 patent and that Abbott Laboratories is an exclusive licensee of each of those patents with respect to SIMCOR® with the right to sue for and obtain equitable relief and damages for infringement of those patents.

11-14.   Admitted that Abbott Laboratories is the holder of New Drug Application ("NDA") No. 02-2078 by which the FDA granted approval for 1000 mg/40 mg strength niacin extended-release/simvastatin tablets, which Abbott markets in the United States under the trade name "SIMCOR®." The formulation and dosing of SIMCOR® are covered by certain claims of the '428 patent and the '035 patent. The FDA's official publication of approved drugs (the "Orange Book") includes SIMCOR® together with the '428 patent and the '035 patent. To the extent that the remaining allegations in these paragraphs contain legal conclusions, no response is required. Otherwise denied.

## Sandoz's Abbreviated New Drug Application

15.   On the basis of Sandoz's representations, admitted that: Sandoz filed Abbreviated New Drug Application ("ANDA") No. 203405 with the FDA seeking to market niacin extended-release/simvastatin tablets in the 1000 mg/40 mg strength; and Sandoz provided a Paragraph IV certification. Otherwise, Abbott is without sufficient information to admit or deny the allegations of this paragraph.

16.   Admitted that Abbott received a letter dated September 26, 2011, from Sandoz ("Notice Letter") stating that it had filed an ANDA for niacin extended-release/simvastatin tablets, 1000 mg/40 mg, that the ANDA had been given the number 203405, and that the ANDA contained a Paragraph IV certification regarding the '428 and '035 patents. The Notice Letter speaks for itself. Otherwise denied.

- 3 -

### The Presence of a Case or Controversy

17.     Denied.

18.     Admitted that, in its Notice Letter, Sandoz stated that its ANDA contains a Paragraph IV certification that asserts the '428 and '035 patents "will not be infringed by the manufacture, use, importation, sale or offer for sale" of Sandoz's generic niacin extended-release/simvastatin tablets, and attached a "Detailed Statement of the factual and legal basis for Sandoz's opinion that [these patents] are invalid, unenforceable, and/or will not be infringed by the manufacture, use or sale" of Sandoz's generic niacin extended-release/simvastatin tablets. That attachment speaks for itself.  Otherwise denied.

19-20.  Admitted that, within 45 days of receipt of Sandoz's Notice Letter, Abbott filed its Complaint in this action, which speaks for itself.  The remaining allegations of paragraphs 19-20 contain legal conclusions as to which no response is required.  Otherwise denied.

21.     Admitted.

22.     Abbott is without sufficient information to admit or deny the allegations of this paragraph.

23-24.  The allegations in these paragraphs contain legal conclusions as to which no response is required.  Otherwise denied.

### Exceptional Case

25.     The allegations in this paragraph contain legal conclusions as to which no response is required.  Otherwise denied.

**FIRST COUNT**
**(Declaratory Judgment of Invalidity of United States Patent No. 6,080,428)**

26. To the extent that Sandoz's paragraph 26 actually contains allegations requiring a response, Abbott's responses to paragraphs 1-25 are hereby incorporated by reference.

27. As to the first sentence, admitted that Sandoz's first counterclaim purports to arise under the cited laws. As to the second sentence, this sentence contains conclusions of law as to which no response is required. Otherwise denied.

28. Admitted that Abbott asserted in its Complaint that "Sandoz's submission of ANDA No. 203405 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic niacin extended-release/simvastatin tablets prior to the expiration of the '428 patent constitutes infringement of one or more of the claims of the '428 patent under 35 U.S.C. § 271(e)(2)(A)."

29. Admitted that, in paragraph 29 of Sandoz Inc.'s Answer to Complaint and Counterclaims, Sandoz states that "Sandoz asserts that the manufacture, use, offer for sale, or sale of its ANDA Product does not and will not infringe any valid claim of the '428 patent, and that the claims of the '428 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 or 112, or other judicially-created bases for invalidation." Otherwise denied.

30. Denied.

**SECOND COUNT**
**(Declaratory Judgment of Noninfringement of United States Patent No. 6,080,428)**

31. To the extent that Sandoz's paragraph 31 actually contains allegations requiring a response, Abbott's responses to paragraphs 1-30 are hereby incorporated by reference.

32. As to the first sentence, admitted that Sandoz's second counterclaim purports to arise under the cited laws. As to the second sentence, this sentence contains conclusions of law as to which no response is required. Otherwise denied.

33. Admitted that Abbott asserted in its Complaint that "Sandoz's submission of ANDA No. 203405 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic niacin extended-release/simvastatin tablets prior to the expiration of the '428 patent constitutes infringement of one or more of the claims of the '428 patent under 35 U.S.C. § 271(e)(2)(A)."

34. Admitted that, in paragraph 34 of Sandoz Inc.'s Answer to Complaint and Counterclaims, Sandoz states that "Sandoz asserts that the manufacture, use, offer for sale, or sale of its ANDA Product does not and will not infringe any valid enforceable claim of the '428 patent, directly or indirectly, either literally or under the doctrine of equivalents." Otherwise denied.

35. Denied.

### THIRD COUNT
**(Declaratory Judgment of Invalidity of United States Patent No. 6,469,035)**

36. To the extent that Sandoz's paragraph 36 actually contains allegations requiring a response, Abbott's responses to paragraphs 1-35 are hereby incorporated by reference.

37. As to the first sentence, admitted that Sandoz's third counterclaim purports to arise under the cited laws. As to the second sentence, this sentence contains conclusions of law as to which no response is required. Otherwise denied.

38. Admitted that Abbott asserted in its Complaint that "Sandoz's submission of ANDA No. 203405 to obtain approval to engage in the commercial manufacture, use, offer to

sell, or sale of generic niacin extended-release/simvastatin tablets prior to the expiration of the '035 patent constitutes infringement of one or more of the claims of the '035 patent under 35 U.S.C. § 271(e)(2)(A)."

39.  Admitted that, in paragraph 39 of Sandoz Inc.'s Answer to Complaint and Counterclaims, Sandoz states that "Sandoz asserts that the manufacture, use, offer for sale, or sale of its ANDA Product does not and will not infringe any valid enforceable claim of the '035 patent, and that the claims of the '035 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 or 112, or other judicially-created bases for invalidation."  Otherwise denied.

40.  Denied.

## FOURTH COUNT
**(Declaratory Judgment of Noninfringement of United States Patent No. 6,469,035)**

41.  To the extent that Sandoz's paragraph 41 actually contains allegations requiring a response, Abbott's responses to paragraphs 1-40 are hereby incorporated by reference.

42.  As to the first sentence, admitted that Sandoz's fourth counterclaim purports to arise under the cited laws.  As to the second sentence, this sentence contains conclusions of law as to which no response is required.  Otherwise denied.

43.  Admitted that Abbott asserted in its Complaint that "Sandoz's submission of ANDA No. 203405 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic niacin extended-release/simvastatin tablets prior to the expiration of the '035 patent constitutes infringement of one or more of the claims of the '035 patent under 35 U.S.C. § 271(e)(2)(A)."

44. Admitted that, in paragraph 44 of Sandoz Inc.'s Answer to Complaint and Counterclaims, Sandoz states that "Sandoz asserts that the manufacture, use, offer for sale, or sale of its ANDA Product does not and will not infringe any valid enforceable claim of the '035 patent, directly or indirectly, either literally or under the doctrine of equivalents." Otherwise denied.

45. Denied.

### PRAYER FOR RELIEF

WHEREFORE, Abbott requests that the Court:

1. Deny Sandoz's requests for relief in connection with its counterclaims.

2. Dismiss Sandoz's counterclaims with prejudice.

3. Grant the relief request in Abbott's Complaint.

4. Grant such other and further relief as this Court deems just and equitable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan

Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
  *Attorneys for Abbott Laboratories
  and Abbott Respiratory LLC*

OF COUNSEL:

John Allcock
Erica J. Pascal
DLA PIPER LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700

Jeffrey Johnson
DLA PIPER LLP
1000 Louisiana Street, Suite 2800
Houston, TX 77002-5005
(713) 425-8445

February 2, 2012
4945261